C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  UNITED STATES OF AMERICA,             :
                                                         :    **MEMORANDUM DECISION AND**
                                                         :    **ORDER**
          - against -                        :
                                                         :    17-cr-432 (BMC)
                                                         :
  DARRYL ODOM,                               :
                                                         :
                                          Defendant.    :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Defendant pled guilty to two counts of Hobbs Act Robbery and one count of brandishing a firearm during one of the robberies. Judgment was entered on March 5, 2019, and this Court sentenced him to an aggregate sentence of 171 months' custody plus three years of supervised release. Restitution of $2000 was ordered for the victim of the first robbery and $95,000 for the victim of the second robbery. Under the terms of the judgment, restitution is payable at the rate of $25 per quarter while in custody and 10% of gross income per month while on supervised release. Defendant remains in custody.

      The Court having previously denied his motion for compassionate release or a reduction of sentence, defendant has moved for a "temporary reprieve" of his restitution obligation "until I'm released." He says he is suffering restrictions of not being able to call his family, use email, buy soap or food from the commissary "and a host of other punishments and penalties."

      Something does not add up about defendant's motion. Paying $25 every three months should not prevent him from contacting his family or buying toiletries and commissary food. Nor would it stop his family from making the minimal contributions to his commissary account that it

might take to obtain these services and items. His reference to "punishment and penalties" suggests that there may be something else going on that is not disclosed in defendant's motion.

Even if this Court accepts what he is saying, however, the Court has very limited, if any, power to alter his restitution obligation. See United States v. Rutigliano, 887 F.3d 98, 107-09 (2d Cir. 2018) (extraordinary writ relief to suspend restitution only available if there was fundamental error). Defendant has not asserted any error at all in imposing restitution.

The Court does have the power to alter the payment schedule. Under § 3664(k) of the Mandatory Victims Restitution Act of 1996, when a defendant experiences "any material change in [his] economic circumstances that might affect [his] ability to pay restitution," a court is authorized to, on its own motion or the motion of any party, "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). See United States v. Hanakis, 645 F. Supp. 3d 120 (E.D.N.Y. 2022). However, that requires a showing that defendant's financial circumstances have changed in a way that was not anticipated at sentencing. "A court may adjust a restitution payment schedule – as opposed to the restitution amount – based on 'any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.' " United States v. Rodriguez, No. 01-cr-497, 2022 WL 16849075, at *2 (S.D.N.Y. Nov. 10, 2022) (quoting 18 U.S.C. § 3664(k)); see also United States v. Rivera, No. 96-cr-1044, 2021 WL 4972493, at *1 (E.D.N.Y. Oct. 26, 2021) (explaining that 18 U.S.C. § 3664(k) "permit[s] a district court to adjust a restitution payment schedule if a defendant shows a material change in economic circumstances"). "In determining whether a material change has occurred, courts compare 'a defendant's financial condition before and after a sentence is imposed.' " United States v. Moglia, 573 F. Supp. 3d 850, 852 (E.D.N.Y. 2021) (quoting United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000)).

Here, defendant had been in custody for two years before he was sentenced. Nothing has changed in his circumstances before and after imposition of sentence that would permit a rescheduling of his restitution obligation. His financial condition is the same, or, at least, he has not made any showing that it has changed.

Accordingly, his motion is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
September 10, 2025

3